UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES BAKER,

                Plaintiff,                                Case No. 14-cv-14035

v.                                                Honorable Thomas L. Ludington

DEBBIE ROYCE,

                Defendant.

_____/

**ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER
DENYING MOTION TO QUASH AND DENYING MOTION TO COMPEL**

Plaintiff James Baker initiated this case against Defendant Debbie Royce on September 18, 2014 in Roscommon County Circuit Court. ECF No. 1, Ex. 1. On October 20, 2014, Royce removed the case to this Court. ECF No. 1 & 2. In the notice of removal, Royce claimed that this Court has federal subject matter jurisdiction under 28 U.S.C. § 1331. *Id*. Baker, contesting that assertion, filed a motion to remand the case to state court on October 29, 2014. ECF No. 3. That motion was denied on January 20, 2015. *See* Op. & Order, ECF No. 10.

On May 21, 2015, during the course of discovery, Defendant Royce filed a motion to quash a subpoena that Baker had served on her wireless telecommunication provider, Verizon Wireless. *See* Def.'s Mot. Quash, ECF No. 11. Baker's subpoena sought text messages sent by Royce that Baker believes probably exist based on Royce's supposed texting habits. Royce's motion to quash was referred to Magistrate Judge Patricia T. Morris for determination. See Order of Reference, ECF No. 12. Judge Morris granted Royce's motion on June 26, 2015. See Order Granting Mot. Quash, ECF No. 15. Baker timely objected. *See* Pl.'s Obj., ECF No. 16. He argues that Judge Morris made incorrect findings of fact and reached legal conclusions contrary to law.

As a result, he asserts, the order granting Royce's motion to quash must be overturned. Twenty days later, on July 30, 2015, Baker filed a motion to compel seeking the information that he would obtain if Judge Morris's order were overturned. *See* Pl.'s Mot. Compel, ECF No. 19. He filed the motion "to 'perfect' the request for an Order compelling production of these documents, in the face of Defendant's potentially misleading argument in its response that the Court should not grant relief to Plaintiff Baker, because Plaintiff supposedly "did not request" the documents from Royce." *Id*. at 4.

Baker's objections are meritless and will be overruled. Judge Morris neither clearly erred in her factual findings, nor reached conclusions contrary to law in her order, the standards Baker must meet to overturn her order. Baker seeks documents that he either already has, or that do not exist. Further discovery seeking text messages that Baker hypothesizes to exist, despite proof to the contrary, has no justification. For the same reason Baker's motion to compel will be denied.

## I.

Plaintiff Baker is a 61 year-old former employee of Lear Corporation. ECF No. 3 at ¶ 2. He began working at Lear in 2008 after he lost his job in education. *Id*. Baker was "a member of the bargaining unit represented by UAW Local 1819." ECF No. 7 at 1; *see also* ECF No. 3 at 2.

### A.

On March 1, 2014, Baker got into an argument with Defendant Royce. *Id*. Royce "was [Baker's] union steward during his employment at Lear." *Id*. According to Royce, during the argument Baker "expressed anger over complaints that had been made by employees about [Baker's] sister[.] Plaintiff became increasingly agitated and eventually told Royce that he would kill Lear supervisor Bob Reycraft if anything happened to this sister." *Id*. Baker denies making this threat.

- 2 -

**B.**

On March 5, 2014, Royce reported the alleged threat to Lear management. ECF No. 7 at 1; *see also* ECF No. 3 at 2. On that same day, "Lear suspended [Baker] with pay, pending investigation. *Id*. During the investigation, Baker accused Royce of fabricating the argument and the threat, a position he still maintains. *Id*. "Lear concluded that [Baker] had, in fact, made the threat and that the threat violated [the collective bargaining agreement]." *Id*. Baker's employment was terminated on May 6, 2014. *Id*. at 2.

**II.**

**A.**

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. FED. R. CIV. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard. Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (internal citations omitted). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

**B.**

- 3 -

Baker has not alleged that Judge Morris's order granting Defendant's motion to quash was contrary to law or that her factual findings were clearly erroneous. Nothing in Baker's motion or in his objections establishes the existence of the text messages he requests. The only text messages he knows exists are between Defendant Royce and Mr. Eisenhardt. But, as Judge Morris rightly explained, Baker already obtained those text messages through Mr. Eisenhardt. His claim that Royce must have texted other people is, as Judge Morris concluded, nothing more than a fishing expedition. That fact is best represented by Baker's claim in his objections that "Defendant Royce, a known 'texter' who has very flippantly texted about the status of this litigation with Deb White likely texted with other individuals[.]" Pl.'s Objs. 9, ECF No. 16. Judge Morris correctly decided that text messages that likely do not exist are not relevant discoverable evidence. The discovery rules are intended to avoid just such fishing expeditions. *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 388 (E.D. Mich. 2012).

Baker further takes issue with Judge Morris's conclusion that his subpoena could result in a violation of the Stored Communication Act ("SCA") and should be quashed on that ground. But this holding was made in the alternative and need not be addressed here. Even if the subpoena would not lead Verizon to violate the SCA, the subpoena should still be quashed. Baker has not met his burden in objecting to Judge Morris's order and his objections will be overruled.

### III.

### A.

Parties are permitted under Federal Rule of Civil Procedure 37 to move for an order compelling disclosure or discovery. "The Federal Rules of Civil Procedure are in place to facilitate discovery of all relevant evidence. Rule 26 authorizes a broad scope of discovery,

provided the material sought has some probative value in proving or disproving a claim or defense." *Gamby v. First Nat'l Bank of Omaha*, 06-11020, 2009 WL 963116 (E.D. Mich. Apr. 8, 2009) (citing FED. R. CIV. P. 26(b)(1)).

## B.

Baker's motion to compel seeks the same information he was denied by Judge Morris's ruling on Defendant's motion to quash. See Pl.'s Mot. Compel 4, ECF No. 19 ("This Motion to Compel is filed in conjunction with Plaintiff's Objection (Document # 16) and seeks an Order compelling production of the same documents sought in Document # 16, at pp. 12-13, and is intended to "perfect" the request for an Order compelling production of these documents[.]"). Thus, the motion to compel is duplicative of Plaintiff's objections. Although the motion would be entitled to de novo review, there are reasons, such as the law of the case rule, that would preclude this attempt at evading Judge Morris's ruling. Those issues need not be addressed, however, because even if Baker's motion were proper, it would not be meritorious. The information he seeks has been represented by Defendant to not exist. Baker offers nothing more than conjecture that Royce engaged in the text conversations that he believes her to have. Mere conjecture is insufficient to warrant a discovery order. Baker's motion will be denied.

## IV.

Accordingly, it is **ORDERED** that Plaintiff James Baker's objections, ECF No. 16, to Judge Morris's Order on Defendant's Motion to Quash, ECF No. 15, are **OVERRULED**.

It is further **ORDERED** that Plaintiff James Baker's Motion to Compel, ECF No. 19, is **DENIED**.

Dated: January 25, 2016                                s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

- 5 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 25, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager