

UNITED STATES GOVERNMENT
## NATIONAL LABOR RELATIONS BOARD
OFFICE OF THE GENERAL COUNSEL
Washington, D.C. 20570

December 30, 2014

JAY ZELENOCK, ESQ.
OLD CITY HALL
160 E STATE ST STE 203
TRAVERSE CITY, MI 49684

Re: Lear Corporation
Case 07-CA-135806

Local 1819, International Union, United
Automobile, Aerospace and Agricultural
Implement Workers of America (UAW),
AFL-CIO (Lear Corporation)
Case 07-CB-135891

Dear Mr. Zelenock:

This office has carefully considered the appeal from the Regional Director's refusal to issue complaint. We agree with the Regional Director's decision and deny the appeal. The charges allege that on or about May 6, 2014, the Employer terminated the alleged discriminatee at the behest of the Union in violation of Section 8(a)(3) of the National Labor Relations Act (Act), and that the Union caused the Employer to terminate the alleged discriminatee for unlawful reasons in violation of Section 8(b)(2) of the Act. The evidence was insufficient, however, to support a finding that either the Employer or the Union violated the Act, as alleged.

In that regard, the investigation disclosed no evidence to indicate that the alleged discriminatee was terminated for any reason other than the Employer's belief and determination after investigation that he had threatened another employee. More specifically, there was insufficient probative evidence that the Employer terminated your client in retaliation for any protected concerted activity in which he may have engaged. To the extent you claim on appeal that the Employer denied your client timely union representation when it first confronted him, such allegation was not raised in this charge and no objective evidence was presented during the Region's investigation to support your claim. An employer may discharge an employee for "good cause, or bad cause, or not cause at all" but it may not discharge for reasons prohibited by the Act. *N.L.R.B. v. Columbus Marble Works*, 233 F.2d 406, 413 (5th Cir. 1956); *see also Loomis Armored Car Serv.*, 227 NLRB 256, 258 (1976). While you disagree with the Employer's determination, we found no evidence that the Employer relied on any reasons violative of the Act.



EXHIBIT
34

Ex 24

Lear Corporation
Cases 07-CA-135806, et al.                                                                        -2

In addition, there was no evidence that the Employer and Union colluded or that the Union asked the Employer to either suspend or terminate this individual. Specifically, there was no evidence that the Union or any of its representatives harbored animus, ill will or were motivated by any unlawful considerations to act against the alleged discriminatee. You contend on appeal that your client suggested he might not pay union dues in the future. The investigation disclosed no evidence that the Union expressed hostility towards your client in response to this alleged statement. Your allegation that a Union representative attempted to obtain false corroborating evidence of the alleged threat, while troublesome, even if it is true, it does not prove that the Union representative was lying in the first instance when she claimed to have heard first hand a threat by your client against another employee's life. In sum, no evidence was presented that the individual who reported the threat to the Employer did so based on any reasons that violated the Union's duty of fair representation.

To the extent that you are alleging that the Union breached its duty of fair representation with respect to the post- termination grievance processing issues you raise on appeal, inasmuch as this allegation was not encompassed in the present charge, and therefore was not investigated, such allegation was not considered in connection with the present appeal. As the Region has advised, you may file a new unfair labor practice charge on these matters. However, you should be aware that Section 10(b) of the Act prohibits the issuance of complaint on alleged unfair labor practices occurring more than six months prior to the filing and service of the charge.

Sincerely,

Richard F. Griffin, Jr.
General Counsel

By:   Deborah M.P. Yaffe

Deborah M.P. Yaffe, Director
Office of Appeals

cc:   TERRY MORGAN                          CHRISTOPHER P. MAZZOLI
      REGIONAL DIRECTOR                     BODMAN PLC
      NATIONAL LABOR RELATIONS              201 W BIG BEAVER RD STE 500
       BOARD                                TROY, MI 48084-4160
      477 MICHIGAN AVE RM 300
      DETROIT, MI 48226-2543

      JAMES WAID BAKER                      JOEL KATO
      406 PARK ST                           LEAR CORPORATION
      GRAYLING, MI 49738                    10471 N ROSCOMMON RD
                                            ROSCOMMON, MI 48653

Lear Corporation
Cases 07-CA-135806, et al.

-3

DEBBIE ROYCE
LOCAL 1819, INTERNATIONAL
 UNION, UNITED AUTOMOBILE,
 AEROSPACE AND AGRICULTURAL
 IMPLEMENT WORKERS OF
 AMERICA (UAW), AFL-CIO
5736 E PIONEER RD
ROSCOMMON, MI 48653

AVA BARBOUR
ASSOCIATE GENERAL COUNSEL
INTERNATIONAL UNION, UNITED
 AUTOMOBILE, AEROSPACE, &
 AGRICULTURAL IMPLEMENT
 WORKERS OF AMERICA-UAW
LEGAL DEPARTMENT
8000 E JEFFERSON AVE
DETROIT, MI 48214-3963

cl